**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM KNIGHT,<br><br>                  **PLAINTIFF,**<br><br>    **v.**<br><br>**PENNSYLVANIA CVS PHARMACY L.L.C.,**<br><br>                **DEFENDANT.** | **Civil Action No. _____**<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

Plaintiff William Knight, by and through his attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

**PRELIMINARY STATEMENT**

1. This is an action for an award of damages and other relief on behalf of Plaintiff William Knight (hereinafter "Plaintiff" or "Mr. Knight"), a former employee of Pennsylvania CVS Pharmacy L.L.C., (hereinafter "CVS" or "Defendant"). Despite his loyalty and consistent performance, Mr. Knight was subjected to discrimination and harassment on the basis of his race, culminating in his wrongful termination on March 5, 2025.

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et. seq. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

**JURISDICTIONAL STATEMENT**

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On August 29, 2025, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On May 5, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.[1]

**VENUE**

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendant in this jurisdiction.

---

[1] It has been less than one year since Mr. Knight dual-filed his Charge of Discrimination as a Complaint with the Pennsylvania Human Relations Commission for Defendant's violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"). Mr. Knight will seek to amend his Complaint in this matter to add his PHRA claims once it has been greater than one year since his dual-filing.

**PARTIES**

9.  Plaintiff William Knight is an adult African American male citizen and resident of Folcroft, Pennsylvania and the United States of America.

10.  Defendant Pennsylvania CVS Pharmacy L.L.C. ("CVS") is a pharmacy and retail drug store company operating a number of retail locations, including 259 Market Street, Philadelphia, PA 19106, where Plaintiff was employed.

11.  CVS is a Pennsylvania limited liability company with its corporate headquarters and principal address at 1 CVS Drive, Woonsocket, RI 02895

12.  At all relevant times, Defendant is and has been an employer employing more than 100,000 employees.

13.  At all relevant times, employees of Defendant acted as agents and servants for Defendant.

14.  At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of their employment under the direct control of Defendant.

15.  At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

16.  At all relevant times hereto, Plaintiff was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

17.  At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

18.  This cause of action arose out of transactions or occurrences that took place in whole or in part in Philadelphia, Pennsylvania.

19. Defendant conducts substantial business within Philadelphia, Pennsylvania.

20. This Honorable Court has personal jurisdiction over the Defendant.

## FACTS

21. In or about October 1998, Mr. Knight began employment with CVS as a Store Associate.

22. Throughout his employment with CVS, Mr. Knight was promoted into multiple roles, and he most recently held the position of Store Manager for over fifteen years.

23. While employed by CVS, Mr. Knight performed his duties in an excellent and hardworking manner.

24. Despite his loyalty and consistent performance, Mr. Knight was discriminated against and harassed on the basis of his race, culminating in his wrongful termination on March 5, 2025.

25. Mr. Knight was an exemplary employee during his tenure with CVS. Throughout his employment, he was within the top five employees in his district for service and consistently exceeded his sales targets.

26. Mr. Knight received a salary increase multiple times as Store Manager as he continuously met and exceeded the company's annual expectations.

27. In or about May 2024, John Beswick became the District Leader over the area in which Mr. Knight worked.

28. Due to Mr. Knight's exceptional leadership, positive reputation and excellent performance, when CVS was set to open a new store beginning in January 2025, Mr. Knight was told by Mr. Beswick that he would lead the new location as Store Manager.

29. Subsequently, in or about December 2024, Mr. Beswick placed another Store Manager in Mr. Knight's store in order to learn from him and prepare the other manager to eventually take over that location when Mr. Knight moved to the new store.

30. However, the other Store Manager then proceeded to start making changes and contradict Mr. Knight's plans for the store.

31. Mr. Knight decided to approach Mr. Beswick and voice his concerns about these changes.

32. During the conversation, instead of listening to Mr. Knight's concerns, Mr. Beswick belittled Mr. Knight and spoke over him to the point where he was unable to get a word in.

33. Mr. Beswick then stated to Mr. Knight "after all this time with the company, you should know how to run a store." Mr. Knight found this comment unnecessary, demeaning, and deeply troubling.

34. Approximately one month later, in or about January 2025, Mr. Knight was then abruptly informed that he would not be the Store Manager for the new CVS location, and he was provided with no reason or explanation for this decision.

35. When Mr. Knight inquired about the decision, Mr. Beswick told him that his supervisor did not think Mr. Knight was a good fit for the store after all.

36. Mr. Knight was confused by this explanation, as he had never interacted with Mr. Beswick's supervisor or received any feedback about what had now changed such that he would not be a good fit.

37. Mr. Knight later learned that a Caucasian female employee who had only been with the company for two years was promoted to the Store Manager position at the new location instead of Mr. Knight.

38. Defendant failed to provide Mr. Knight with any reasonable, non-discriminatory explanation for this decision to favor an inexperienced Caucasian employee over Mr. Knight, who had been a Store Manager for over fifteen years.

39. On or about February 16, 2025, there was a physical altercation between a CVS employee, Wilmer Whitaker, and an alleged shoplifter in the store.

40. A customer who witnessed the event subsequently contacted CVS customer service about the issue.

41. While this incident occurred at the store that Mr. Knight managed, he was not working nor present at the time of the event.

42. There was another acting manager on duty at the time of the incident, Tashya Henry, who witnessed the event.

43. However, Ms. Henry failed to report the situation to loss prevention or customer service.

44. The next day, February 17, 2025, Mr. Knight reported to work, however he was not informed of the incident that had occurred.

45. On February 18, 2026, Mr. Knight also worked in the store but was still not informed of the event.

46. On this day, Mr. Knight worked with Mr. Whitaker, who had been involved in the incident, but Mr. Whitaker did not tell Mr. Knight about what had transpired.

47. As such, Mr. Knight was completely unaware of the situation until February 19, 2025, when Mr. Beswick contacted him about it.

48. Mr. Beswick asked Mr. Knight if he knew about the physical altercation that had taken place and Mr. Knight responded that he had no knowledge about any altercations as he had not been at work on the day in question.

49. Mr. Beswick and Sean Fitzpatrick, Loss Prevention Manager, then reviewed the store cameras of the day of the altercation and suspended Mr. Whitaker immediately.

50. Approximately one week later, an investigator from colleague relations contacted Mr. Knight regarding the incident.

51. Mr. Knight complied with the investigation and provided as much information as he could, though he did not know much about the incident since he had not been present at the store when it had occurred.

52. Mr. Knight also supplied the investigator with the phone numbers of employees who had been present during the incident, and to his knowledge, the investigator also spoke with Ms. Henry and Monique Burrell.

53. On or about March 5, 2025, Mr. Knight had a meeting scheduled with Mr. Beswick to discuss his annual increase.

54. However, to Mr. Knight's surprise, he was instead notified at this meeting that he was being terminated from CVS, after twenty-six years with the company.

55. The reason provided for Mr. Knight's termination was that he withheld information regarding the physical altercation that had occurred involving Mr. Whitaker.

56. This was despite the fact that Mr. Knight explained to Mr. Beswick that he had not been present on the day of the incident and therefore he did not have any information to withhold.

57. Conversely, Ms. Henry was not disciplined, despite being the manager on duty and present at the incident.

58. When Mr. Knight inquired about why she did not receive any discipline for the event, but Mr. Knight was being terminated, Mr. Beswick stated that it was because Mr. Knight was the manager in charge of the location.

59. Following Mr. Knight's termination, a Caucasian male took over Mr. Knight's prior position as Store Manager.

60. On or about March 16, 2025, this individual was also involved in a physical altercation with a customer.

61. This event was witnessed by customers and staff members, as well as being captured on the store cameras.

62. When the staff members reported this incident to corporate, they were informed that it would be investigated by Mr. Beswick.

63. It is Mr. Knight's understanding, however, that this individual received no discipline, and he continued to work for the company, in a display of clearly differential treatment than that afforded to Mr. Knight.

64. It is evident that during his employment, CVS held Mr. Knight to different standards than his Caucasian colleagues, subjecting him to markedly differential and discriminatory treatment in comparison.

65. In light of the circumstances outlined above, and given his treatment during his employment with CVS and the circumstances surrounding his termination, Mr. Knight maintains that he was discriminated against and harassed on the basis of his race, and that his termination was a result of such discrimination.

66. Mr. Knight has suffered mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

67. Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Mr. Knight severe emotional distress.

68. Mr. Knight has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

**<u>COUNT I</u>**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), <u>et seq.</u>**

69. Plaintiff William Knight repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

70. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) <u>et seq</u>.

71. In discriminating against and harassing Mr. Knight because of his race, Defendant violated Title VII.

72. Defendant's violations were intentional and willful.

73. Defendant's violations warrant the imposition of punitive damages.

74. As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff William Knight has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

9

## COUNT II
### Civil Rights Act of 1866, 42 U.S.C. § 1981, et seq.

75. Plaintiff William Knight repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

76. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

77. In discriminating against and harassing Mr. Knight because of his race, Defendant violated Section 1981.

78. Said violations were intentional and willful.

79. Said violations warrant the imposition of punitive damages.

80. As the direct and proximate result of Defendant's violation of Section 1981, Plaintiff William Knight has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

81. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

### PRAYER FOR RELIEF

82. Plaintiff William Knight repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

WHEREFORE, Plaintiff William Knight respectfully requests that this Court enter judgment in his favor and against Defendant CVS Pharmacy L.L.C., and Order:

    a. Appropriate equitable relief, including reinstatement or front pay;

10

b.  Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment, and wrongful termination;

c.  Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

d.  Defendant to pay Plaintiff punitive damages;

e.  Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f.  Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

g.  Plaintiff be granted any and all other remedies available under Title VII, and Section 1981; and

h.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff William Knight hereby demands trial by jury as to all issues so triable.

By:  */s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
One Penn Center
1617 JFK Blvd. – Suite 1254
Philadelphia, PA 19103

*Attorneys for Plaintiff William Knight*

Dated: July 31, 2026